**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0791n.06

**No. 07-3692**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Dec 16, 2009**
LEONARD GREEN, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR THE |
| | ) SOUTHERN DISTRICT OF OHIO |
| KEVIN A. WHITELY, | ) |
| | ) |
| Defendant-Appellant. | ) |

Before: O'CONNOR\*, Associate Justice (Ret.), MOORE and COOK, Circuit Judges.

COOK, Circuit Judge.   Defendant Kevin Whitely appeals the district court's decision revoking his supervised release and imposing a 36-month prison sentence.  We affirm.

I.

In 2001, after a government investigation implicated him in recruiting couriers to smuggle drugs from Jamaica into the United States, Whitely pleaded guilty to conspiracy to import five kilograms or more of cocaine.  *See* 21 U.S.C. § 963.  The district court sentenced him to 72 months' imprisonment followed by five years of supervised release.  Whitely's supervised-release term commenced on December 30, 2005, subject to numerous conditions.

---

\*The Honorable Sandra Day O'Connor, Associate Justice of the United States Supreme Court (Ret.), sitting by designation, pursuant to 28 U.S.C. § 294(a).

In February 2007, the government urged the district court to revoke Whitely's supervised release, alleging violations of two conditions. The government contended that Whitely failed to timely notify his probation officer of residence and employment changes, and failed to report to the probation office on time or submit the required monthly report, both of which constituted Grade C violations. After further investigation, the probation office issued a supplemental violation report (SVR) charging Whitely with several more serious violations, including engaging in conduct that constituted a crime (a Grade A violation), as well as leaving the judicial district without permission and associating with a convicted felon. The SVR accused Whitely of traveling to Jamaica and attempting to coerce a female courier and convicted felon, Ashley Carr, to transport cocaine into the United States on a commercial flight—practically the same conduct that produced his original federal conviction.

At first, Whitely denied all of the alleged violations. The district court conducted a hearing, at which the government introduced certified copies of several documents from the St. James, Jamaica, Magistrate's Court. One document charged Whitely and Carr with jointly possessing 1.25 kilograms of cocaine, dealing in cocaine, attempting to export cocaine, and conspiracy. According to the charging document, Jamaican authorities arrested both Whitely and Carr at the Montego Bay airport on or about September 26, 2006. Officers first stopped Carr and found three packages of cocaine on her person. When asked about the drugs, Carr told the police that Kevin Whitely forced her to carry the drugs in exchange for his providing her a ticket to return to the United States. According to the charging document, the authorities found Whitely upstairs in the airport's departure

lounge awaiting boarding and arrested him. When questioned about the drugs found on Carr, the Jamaican certified charging document quoted Whitely as saying, "I did not put anything on her . . . if you are asking if I knew about it that would be another matter."

At the hearing, the government opened by explaining the events that took place in Jamaica and introducing the certified documents, which the court accepted into evidence without objection. Whitely's probation officer appeared at the hearing and the court asked him to "bring us up to date" on the underlying and supplemental violations. So confronted with the scenario painted by the probation officer, Whitely confessed to several of the Grade C violations—he admitted traveling to Jamaica without authorization and failing to notify the probation office of a change in his employment. He disputed, however, the existence of any relationship with Ms. Carr, as well as the government's related accusations of criminal conduct involving transportation of cocaine. But prompted by questions from the court, he admitted that he and Carr "went down there on the same date," that she named him when arrested because she did not want him to leave her down there, that Jamaican authorities charged and released him on bond, and that he flew to Toronto before returning home. The court and the probation officer engaged in several colloquies, with the officer explaining his interpretation of the facts as set forth in the Jamaican charging and bond documents, and essentially advocating the government's position in support of revocation. The government never called the officer as a witness, and the court never placed him under oath. Whitely's counsel raised no objection to this procedure and did not seek to cross-examine. Likewise, the court permitted

Whitely to respond to the probation officer's views, which he did, without formally taking the stand or an oath.

Relying on the documentary evidence and the presentation of the probation officer, the court found by a preponderance of the evidence that by committing another federal crime—conspiring with Carr to transport cocaine from Jamaica to the United States—Whitely violated a mandatory condition of his supervised release. The court grounded this finding on the contents of the charging document issued by the Jamaican court, noting the consistency of Whitely's conduct with the conduct that led to his earlier federal conviction. It found Whitely's inconsistent account entirely devoid of credibility. The court also found that Whitely committed several other violations, including leaving the judicial district without permission and failing to notify the probation office of a change in his residence or employment (both of which he admitted), associating with an individual involved in criminal activity, and failing to submit a complete written report within the first five days of each month. The court expressly declined to rule on the government's charge of associating with a known felon. After resolving the alleged violations, the court noted that it believed the probation officer's statements and disbelieved Whitely's protestations. It then sentenced Whitely to a 36-month term of imprisonment, followed by two years of supervised release. When presented with the opportunity to do so, Whitely's counsel stated no objections to the sentence. Whitely now appeals.

II.

On appeal, Whitely raises three arguments: he claims that the court (1) abused its discretion by considering the Jamaican court documents; (2) erred by failing to require that the probation officer testify under oath; and (3) imposed a procedurally unreasonable sentence. Addressing these contentions in turn, we reject them all and affirm.

A.     Jamaican Court Documents

Whitely challenges the decision to admit certified copies of Jamaican court documents as evidence against him in the revocation proceedings, claiming that they constitute inadmissible hearsay and lack sufficient indicia of reliability. We disagree.

District courts may consider hearsay evidence during revocation proceedings as long as they find sufficient indications of reliability. *United States v. Waters*, 158 F.3d 933, 940 (6th Cir. 1998). We review the determination of reliability for abuse of discretion, *see Waters* at 941, and here find none, with several factors lending support to the district court's decision to admit the Jamaican court records. Most importantly, the facts described in the Jamaican documents bear remarkable similarity to those that landed Whitely in federal prison in the first place—soliciting financially-strapped women to body-carry powder cocaine from Jamaica into the United States on commercial flights. The district court quite correctly found the striking congruence between the allegations in the documents and Whitely's prior offense supported a finding of reliability. And Whitely himself

admitted to being present at the Montego Bay airport in Jamaica on the date listed on the document, and having traveled to Jamaica on the same date as Ashley Carr (both from Columbus, Ohio). Under these circumstances, given the relaxed evidentiary standards that apply to supervised-release revocation proceedings, the district court did not abuse its discretion in finding the Jamaican court documents sufficiently reliable to merit consideration.

B.      Probation Officer's Statements

Whitely claims that the district court erred by soliciting the probation officer's statements without requiring the officer to be under oath and further erred in relying on those unsworn statements in revoking his supervised release. We review this claim for plain error affecting substantial rights because he failed to raise this objection in the district court. *United States v. Roberge*, 565 F.3d 1005, 1010 (6th Cir. 2009).

Compared to criminal trials, supervised release revocation hearings are subject to few constitutional or procedural safeguards, as "[p]robation revocation . . . is not a stage of a criminal prosecution," *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973), and "there is no thought to equate" the two. *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972). The flexible evidentiary standard that applies to revocation proceedings allows consideration of evidence that would be inadmissible in a criminal prosecution, *United States v. Kirby*, 418 F.3d 621, 628 (6th Cir. 2005), including letters, affidavits, and other documents, *Morrissey*, 408 U.S. at 489, as well as hearsay that bears indicia of reliability, *United States v. Stephenson*, 928 F.2d 728, 732 (6th Cir. 1991). But despite these relaxed standards,

"defendants are entitled to minimal due process requirements, including the right to confront and cross examine adverse witnesses." *United States v. Torrez*, No. 96-1973, 1997 WL 745520, at *2 (6th Cir. Nov. 24, 1997); *see also* Fed. R. Crim. P. 32.1(b)(2)(C) (providing accused the right to question adverse witnesses at supervised release revocation hearing). Despite these limited protections, we can assume, without deciding, that the district court's consideration of the unsworn probation officer's statements violated Whitely's rights and constituted an obvious error. We conclude, however, that any error was harmless because it did not affect Whitely's substantial rights.[1,2]

In most cases, an error affecting substantial rights is one that prejudices the affected party; "'[i]t must have affected the outcome of the district court proceedings.'" *United States v. Johnson*, 403 F.3d 813, 815 (6th Cir. 2005) (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)). To

---

[1]Without citing any authority, the government asks us to completely bar Whitely's challenge due to his failure to object, thus allowing the government to sustain the revocation of his supervised release using the probation officer's unsworn testimony as support. Instead we review for plain error so that Whitely's failure to object below raises the bar for reversal, but does not waive the issue entirely. *United States v. Pluta*, 176 F.3d 43, 51 (2d Cir. 1999), and *United States v. Talk*, 13 F.3d 369, 371 (10th Cir. 1993), *cert. denied*, 513 U.S. 844 (1994).

[2]Whitely argues that this finding of error warrants reversal regardless of whether it affected his substantial rights because it qualifies as "structural," and thus falls outside the plain error analysis mandated by Federal Rule of Criminal Procedure 52. We reject this contention, as the "structural error" cases he cites—*Arizona v. Fulminante*, 499 U.S. 279 (1991), and *Sullivan v. Louisiana*, 508 U.S. 275 (1993)—originated outside the federal system, and the Supreme Court has expressly declined to carve out such an exception. *See Johnson v. United States*, 520 U.S. 461, 466 (1997) (indicating that the "seriousness of the error" claimed on appeal does not work to remove the error completely from the plain-error analysis of Federal Rule of Criminal Procedure 52(b) but goes to whether "substantial rights" have been affected).

decide the prejudice issue here we examine whether the record—without the probation officer's statements—independently supports the court's findings and withstands a sufficiency challenge. We conclude that it does, and therefore find no prejudice to Whitely from this error.

Apart from the probation officer's unsworn statements, the evidence before the district court included: (1) the three certified Jamaican court documents indicating that Whitely was arrested in Jamaica for possession and distribution of cocaine and that he had solicited Carr to help him transport pounds of the drug back to the United States; (2) the district court's knowledge of the facts and circumstances of Whitely's prior conviction—which closely mirrored the conduct upon which the government based its revocation request—as the same judge who presided over the underlying criminal proceedings; and (3) Whitely's own vacillations and admissions during the supervised-release revocation hearing regarding his presence in Jamaica, his association with Carr both in Jamaica and Ohio, and his various admissions and retractions concerning whether he had committed any of the charged infractions. By weighing only this evidence, and drawing reasonable inferences therefrom, we conclude that a preponderance of the evidence supports the district court's determination that Whitely engaged Carr to smuggle cocaine from Jamaica into the United States. This conduct violated the condition of Whitely's supervised release that prohibited him from committing a federal crime, thereby requiring the district court to revoke his supervised release. *See* U.S. Sentencing Guidelines § 7B1.3(a)(1) (requiring revocation for a Grade A infraction).

As for the other violations found by the district court, Whitely admitted two of them (traveling outside the judicial district without permission and failing to report a change in employment), and the third—failing to timely file monthly reports with the probation office—he does not challenge on appeal. Thus, even without the probation officer's statements, the record supports all of the violations the district court found when revoking Whitely's supervised release. Because the error caused no prejudice, Whitely cannot show plain error.

C.      Whitely's Sentence

Whitely challenges the procedural reasonableness of the within-Guidelines 36-month sentence imposed by the district court, claiming that the court failed to consider the § 3553(a) factors or explain its reasoning, thus mandating reversal.

Ordinarily, we review sentences imposed following revocation of supervised release under the same deferential abuse of discretion standard that applies to post-conviction sentences. *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007). Here, however, we review only for plain error because Whitely failed to object to his sentence after the district court asked for *Bostic* objections. *See United States v. Bostic*, 371 F.3d 865, 872–73 (6th Cir. 2004). Procedural reasonableness review requires that we "ensure that the district court committed no significant procedural error, such as . . . failing to consider the § 3553(a) factors . . . or failing to adequately explain the chosen sentence." *Gall v. United States*, 127 S. Ct. 586, 597 (2007).

Without question, the district court calculated the Guidelines range correctly, and then sentenced Whitely at the high end of that range. To uphold a sentence, we require neither ritual incantation of the factors, *United States v. Johnson*, 403 F.3d 813, 816 (6th Cir. 2005), nor explicit references to the statute, *United States v. Smith*, 505 F.3d 463, 467–68 (6th Cir. 2007). The record suffices if "the district court's explanation of the sentence makes it clear that it considered the required factors." *United States v. Washington*, 147 F.3d 490, 491 (6th Cir. 1998).

Since Whitely offered no objection or argument disfavoring the sentence imposed—geared to § 3553(a) or otherwise—his sentence called for little explanation. The court's statements at the conclusion of the hearing evince sufficient consideration of the required factors to withstand plain error review. The transcript reflects the court's consideration of the striking similarity between the conduct underlying Whitely's supervised release violations and his prior conviction, his lack of candor with his probation officer, and his evasiveness and lack of credibility in conversations with the court. These facts, on which the court expressly relied when revoking Whitely's supervised release and imposing his sentence, relate to several 3553(a) factors, including the nature and circumstances of the offense, the need to deter criminal conduct, and the protection of the public. Facing no contrary arguments from the defendant, the court's discussion of these facts suffices.

*Rita* clarified that the district court in its discretion decides how much explanation to provide, and that "when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Rita v. United States*, 551 U.S. 338, 356 (2007). But even

if we accept Whitely's contention that the district court failed to adequately explain its reasoning, that failure did not affect his substantial rights. On appeal, Whitely gives no indication of what he would have argued that might have persuaded the judge to sentence him to less than 36 months. Thus, he advances no grounds to support a conclusion that the court's alleged explanatory failure prejudiced him.

Moreover, even if Whitely could show that the alleged error affected his substantial rights, we nevertheless decline to afford him relief because this case does not present the requisite "exceptional circumstances." *See Vonner*, 516 F.3d at 386. Where the appellant shows a plain error affecting substantial rights, we may then exercise our discretion to notice the error, but only if we find that it seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Johnson v. United States*, 520 U.S. 461, 467 (1997). Judged by this standard, Whitely's claim fails to merit the exercise of our discretion. After voicing no objections, offering no arguments, and not even submitting his view of an appropriate sentence, he received a presumptively reasonable within-Guidelines sentence premised upon a correctly-calculated range. *See Vonner*, 516 F.3d at 389–90. His appellate arguments leave that presumption unrebutted. Accordingly, we cannot say that the alleged error seriously affected the fairness of the proceedings.

III.

We affirm.

**KAREN NELSON MOORE, Circuit Judge, dissenting in part.** Because I believe that Whitely's sentence was procedurally unreasonable, I dissent with respect to the majority's resolution of Whitely's sentencing challenge. Although this court generally "review[s] supervised release revocation sentences . . . under a deferential abuse of discretion standard for reasonableness," *United States v. Bolds*, 511 F.3d 568, 575 (6th Cir. 2007) (quotation omitted), because Whitely did not object to his sentence after the district court requested any objections not previously raised, review is for plain error. *See United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc). To obtain plain-error relief, Whitely must show an "obvious or clear" error that affected his substantial rights and "the fairness, integrity, or public reputation of the judicial proceedings." *Id.* (quotation omitted).

A sentence is procedurally unreasonable when, inter alia, a district court "fail[s] to calculate (or improperly calculat[es]) the Guidelines range, treat[s] the Guidelines as mandatory, fail[s] to consider the § 3553(a) factors, select[s] a sentence based on clearly erroneous facts, or fail[s] to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). As the majority highlights, a district court is not required to state every factor listed in § 3553(a) or even reference the statute when sentencing a defendant, but a district court must "'set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v. Thomas*, 498 F.3d 336, 341 (6th Cir. 2007) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)). Thus, "regardless of whether the sentence falls within the Guideline range, we review the sentencing transcript to ensure

. . . that the sentencing judge adequately considered the relevant § 3553(a) factors and clearly stated [its] reasons for imposing the chosen sentence." *United States v. Liou*, 491 F.3d 334, 339 (6th Cir. 2007). In the instant case, I believe that the district court plainly erred by failing to consider the § 3553(a) factors and by failing to state clearly its reasons for Whitely's sentence. And for those reasons, I would vacate Whitely's sentence and remand for resentencing.

As an initial matter, the district court "never mentioned anything resembling the § 3553(a) factors" during Whitely's sentencing. *Thomas*, 498 F.3d at 340. The totality of the district court's explanation for Whitely's sentence was as follows:

> I don't find [Whitely] to be credible because of the inconsistent statements that he made before this Court in this Court; therefore, I am going to impose a sentence of 36 months imprisonment, which will be followed by a two-year term of supervised release.

Hr'g Tr. of 4/27/07, at 32. In essence, the record indicates that the district court based the length of Whitely's sentence on its conclusion that Whitely was a liar and that he had committed the supervised-release infraction. Contrary to the majority's contention, I do not believe that the district court's discussion of Whitely's conduct in the context of determining whether to revoke his supervised release reflects consideration of the § 3553(a) factors sufficient to render the sentence procedurally reasonable and to withstand plain-error review. *See Liou*, 491 F.3d at 339 n.4 (noting the need to vacate a sentence when "the context and the record do not make clear the court's reasoning" (quotation omitted)). Based on the revocation portion of the transcript, I am willing to

assume that, for sentencing purposes, the district court was aware of the nature and circumstances of Whitely's offense, which is a § 3553(a) factor. Once the district court made the decision to revoke Whitely's supervised release, however, there was *no* discussion implicating the remainder of the factors or any mention of what constituted an appropriate sanction for the supervised-release infractions. This circuit has found a sentence procedurally unreasonable when a district court did more. *See United States v. Jackson*, 408 F.3d 301, 305 (6th Cir. 2005) (finding a sentence procedurally unreasonable where "the district court provided a list of various characteristics of the defendant that it considered during sentencing" but the reasoning "did not include any reference to the applicable Guidelines provisions or further explication of the reasons for the particular sentence imposed").

Whitely offered no arguments as to why he merited a lower sentence in either a sentencing memorandum or in response to the district court's request for objections to his sentence, as the majority notes. But this does not automatically make any sentence within the Guidelines range procedurally reasonable. "The amount of reasoning required varies according to context," *Liou*, 491 F.3d at 338, but in addition to finding procedural error when a district court has failed to address a defendant's arguments, we have emphasized that procedural error also exists when a "district judge . . . simply select[ed] what the judge deem[ed] an appropriate sentence without [the] required consideration" of § 3553(a). *United States v. Jones*, 489 F.3d 243, 250–51 (6th Cir. 2007). Thus, although the district court was not required to anticipate and address arguments that Whitely never even made, it was required to set forth the reasons for Whitely's sentence in order to allow this court

- 14 -

to determine whether the district court considered the relevant statutory factors and ultimately relied on appropriate considerations in selecting the sentence.[3]

Because the district court apparently failed to consider the § 3553(a) factors and provided absolutely no justification for its sentence at the high end of the Guidelines range, I believe that the district court committed an obvious error. I also believe that the error affected Whitely's substantial rights such that Whitely meets the plain-error standard of review. The majority concludes that, even assuming sentencing error, it did not affect Whitely's substantial rights because "Whitely gives no indication of what he would have argued that might have persuaded the judge to sentence him to less than 36 months." Maj. Op. at 10. In accord with the forgiving reading of the hearing transcript that allows the majority to conclude that the district court considered the nature and circumstances of Whitely's offense, however, Whitely's discussion of how he was "doing well" on his supervised release prior to being arrested in Jamaica, Hr'g Tr. of 4/27/07, at 24, is an argument for reduced

---

[3]Whitely concedes that he was sentenced within the Guidelines range. Although the range was not explicitly mentioned during the revocation hearing, because the SVR was filed before the district court, this court is permitted to presume that the district court was aware of the range. *See United States v. Polihonki*, 543 F.3d 318, 324 (6th Cir. 2008). Presumptions can be rebutted, however. *See Liou*, 491 F.3d at 338–39. Along these lines, it is of note that during the probation officer's colloquy with the district court, the probation officer recommended "a sentence clearly *above* the guideline range." Hr'g Tr. of 4/27/07, at 27 (emphasis added). In response, the district court stated, "I take it you [the probation officer] stick with your recommendation of 36 months." *Id.* Thirty-six months was at the high end of the 30 to 37 month range, but based on the probation officer's recommendation for an above-Guidelines-range sentence, the record does not make clear whether the district court knew the appropriate range despite being provided with the SVR. This confusion provides additional support for remanding this case to the district court for resentencing. Not only are the justifications for Whitely's sentence inadequate, but also it is not clear based on the exchange between the district court and the probation officer that it is appropriate to presume the district court's knowledge of the Guidelines range from the SVR.

sentencing that the district court failed to address and that could have persuaded the judge to opt for a lower sentence.

This is not a case where the district court's explanation and reference to the § 3553(a) factors was less than "ideal." *Vonner*, 516 F.3d at 386. This is a case where there was no explanation, *id.*, and I believe that a sentence without any explanation affects the fairness and integrity of the district-court proceedings. For the foregoing reasons, I would conclude that Whitely's sentence was plainly procedurally unreasonable and would vacate his sentence and remand for resentencing. I respectfully dissent.