**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0273n.06

**No. 10-4165**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

***Apr 28, 2011***

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff - Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE SOUTHERN |
| ROBERT JACKSON, | ) | DISTRICT OF OHIO |
| | ) | |
| Defendant - Appellant. | ) | |
| _____ | ) | |
| | ) | |

Before:  GIBBONS and WHITE, Circuit Judges; and OLIVER, Chief District Judge.[*]

**HELENE N. WHITE, Circuit Judge.**  Defendant-Appellant Robert Jackson appeals the district court's revocation of his supervised release and imposition of a sentence of six months' imprisonment and six months' supervised release.  He argues that the district court violated his due process rights when it did not offer him an opportunity to cross examine the probation officer at the supervised-release revocation hearing, and that the court's sentence was procedurally unreasonable. We affirm.

**I.**

Jackson pleaded guilty on July 13, 2009 to interfering with public service at a federal building in violation of 18 U.S.C. § 245(b).  On October 14, 2009, he was sentenced to time served plus one day, to be followed by one year of supervised release.

_____

[*]The Honorable Solomon Oliver, Jr., Chief Judge of the United States District Court for the Northern District of Ohio, sitting by designation.

In April 2010, the United States Probation Office filed a Petition for Warrant for Offender under Supervision, alleging six violations of the terms of Jackson's supervised release. The alleged violations were: 1) that he left the judicial district without permission (by driving to Indiana); 2) that he failed to submit monthly written reports to his probation officer for January, February, and March 2010; 3) that he failed to notify his probation officer of a change of address; 4) that he used marijuana (and admitted to the probation officer that he had done so); 5) that he committed a state offense in Indiana (resisting law enforcement); and 6) that he failed to take psychiatric medication as prescribed. The district court held a supervised-release revocation hearing on September 21, 2010.

At the revocation hearing, Jackson admitted that he left the district without permission, that he did not file written reports with his probation officer in February and March of 2010, and that he was convicted of a state offense in Indiana. Jackson denied the other allegations (that he failed to inform his probation officer of a change of address, that he had admitted to using marijuana, and that he stopped taking, and admitted to not taking, his prescribed psychiatric medication). The district court found that based on the three admitted violations alone, Jackson would be guilty of a Grade B violation, which requires revocation of supervised release. The court then calculated the maximum sentence for the violation under the Sentencing Guidelines: 12 months' imprisonment. The court heard from Jackson's counsel and from the government regarding their suggestions for sentencing, and provided Jackson with an opportunity to speak. The court then questioned the probation officer about the charges Jackson had denied, but did not place the probation officer under oath. The officer described his basis for alleging the three violations Jackson denied, the court

credited his testimony and found Jackson guilty of all six alleged violations. The court revoked Jackson's supervised release and sentenced him to six months' imprisonment followed by six months' supervised release, to be served in a residential re-entry center. Jackson filed a timely appeal.

## II.

Jackson argues that the district court violated due process by failing to allow him to cross examine the probation officer, whose uncontested, and unsworn, statement provided the basis for the court's finding that Jackson committed the three alleged violations he did not admit. Jackson did not request to cross-examine the probation officer at the hearing and did not object to the lack of cross-examination or the court's failure to place the officer under oath. Therefore, this Court's review is for plain error. *United States v. Warman*, 578 F.3d 320, 345 (6th Cir. 2009). To constitute plain error, there must be "(1) error (2) that was obvious or clear, (3) that affected defendant's substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc) (internal quotation marks omitted).

A district court may revoke a term of supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). "The same procedural requirements applicable to hearings regarding revocation of parole apply to hearings regarding revocation of supervised release." *United States v. Lowenstein*, 108 F.3d 80, 85 (6th Cir. 1997). In *Morrissey v. Brewer*, 408 U.S. 471 (1972), the Supreme Court held that, although "the full panoply of rights due a defendant in [criminal prosecutions] does not apply to parole

3

revocations," due process does require certain minimum procedural protections "to assure that the finding of a parole violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the parolee's behavior." *Id.* at 480, 484. As announced by the *Morrissey* Court, the minimum requirements of due process for revocation hearings include "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)." *Id.* at 489; *see also Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (discussing due process guarantees in revocation-of-probation hearings); *United States v. Kirby*, 418 F.3d 621, 627-28 (6th Cir. 2005) (applying *Morrissey* to supervised-release-revocation hearings). The constitutional requirements announced in *Morrissey* are codified in Federal Rule of Criminal Procedure 32.1, which provides that in a revocation hearing the defendant is entitled to "an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear." Fed. R. Crim. P. 32.1(b)(2)(C); *see also* Fed. R. Crim. P. 32.1, Advisory Committee Notes to the 2002 Amendments (explaining that in applying Rule 32.1(b)(2)(C), "[t]he court is to balance the person's interest in the constitutionally guaranteed right to confrontation against the government's good cause for denying it," and citing *Morrissey*, 408 U.S. at 489). The "flexible evidentiary standard that applies to revocation proceedings allows consideration of evidence that would be inadmissible in a criminal prosecution," but it does not strip the defendant of all protections. *United States v. Whitely*, 356 F. App'x 839, 843 (6th Cir. 2009) (unpublished). Thus, Jackson had a presumptive right to confront any adverse witness, which could be denied by the district court for good cause.

4

Assuming, arguendo, that the court's 1) consideration of the unsworn statement of the probation officer and 2) failure to offer Jackson the opportunity to cross-examine the officer were error, that error did not affect Jackson's substantial rights. *See Whitely*, 356 F. App'x at 843 ("[W]e can assume, without deciding, that the district court's consideration of the unsworn probation officer's statements violated Whitely's rights and constituted an obvious error. We conclude, however, that any error was harmless because it did not affect Whitely's substantial rights."). For an error to affect substantial rights, "in most cases . . . the error must have been prejudicial: It must have affected the outcome of the district court proceedings." *United States v. Johnson*, 403 F.3d 813, 815 (6th Cir. 2005) (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)). Jackson cannot make that showing here.

Jackson admitted three of the alleged supervised-release violations. The court found that those violations, alone, constituted a Grade B violation of supervised release, which required revocation. *See* U.S.S.G. § 7B1.1(a) (describing grades of supervised-release violations); *id.* § 7B1.3(a)(1) ("Upon a finding of a Grade A or B violation, the court *shall* revoke . . . supervised release." (emphasis added)). At the conclusion of the hearing, after crediting the testimony of the probation officer and finding Jackson guilty of all six violations, the court again determined that Jackson had committed a Grade B violation. Thus, finding Jackson guilty of the additional three violations as a result of the probation officer's statement had no effect on the grade of the violation, and thus no bearing on whether Jackson's supervised release would be revoked or the Guidelines range for the sentence upon revocation. With or without the officer's statement, the court was required to revoke Jackson's supervised release, U.S.S.G. § 7B1.3(a)(1), and, pursuant to

§ 7B1.4(b)(3)(A), Jackson was subject to a maximum sentence of 12 months' imprisonment upon revocation. Thus, because Jackson has failed to demonstrate prejudice, we find no plain error.

### III.

Jackson also argues that his sentence was procedurally unreasonable because the district court miscalculated his Guidelines range. This claim lacks merit.

Jackson failed to object to the Guidelines' calculation before the district court, which would generally subject his reasonableness challenge to plain-error review. *See United States v. Simmons*, 587 F.3d 348, 354 (6th Cir. 2009). He argues that the court failed to ask the *Bostic* question, and therefore that the sentence should be reviewed for reasonableness.[1] *See United States v. Thomas*, 498 F.3d 336, 340 (6th Cir. 2007). Regardless of which standard applies, Jackson's argument fails.

A sentence is procedurally unreasonable "when the district court 'fails to consider the applicable Guidelines range or neglects to consider the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration.'" *United States v. Moon*, 513 F.3d 527, 539 (6th Cir. 2008) (quoting *United States v. Jones*, 489 F.3d 243, 250-51 (6th Cir. 2007)). Jackson contends that the court committed procedural error when it "considered his Guidelines range to be 18-24 months, instead of the properly calculated 12 months." (Appellant's Br. 12.) Jackson committed a Grade B violation, and had a criminal history category of V. Pursuant to U.S.S.G. § 7B1.4(a), the Guidelines range would be 18-24 months' imprisonment. However, § 7B1.4(b)(3)(A) provides that the sentence may not be

---

[1]After announcing the sentence, the court inquired: "Comments, suggestions, objections . . . ?" (Hr'g Tr. 26, R. 55.) It did not ask the full *Bostic* question as typically phrased.

"greater than the maximum term of imprisonment authorized by statute." The statutory maximum sentence is found at 18 U.S.C. § 3583(e)(3), which sets the maximum term of imprisonment at 12 months based on the severity of Jackson's original offense (a misdemeanor). Therefore, Jackson's effective Guidelines range was a maximum of 12 months' imprisonment.

The district court calculated a Guidelines range of 18-24 months pursuant to § 7B1.4(a), but then immediately stated that "pursuant to Section 3583(e)(3), Title 18, the maximum term of imprisonment upon revocation of Mr. Jackson's supervised release is 12 months." (Hr'g Tr. 23.) The court then referenced the § 3553(a) factors, discussed reasons justifying the chosen sentence, and announced a within-Guidelines sentence of six months' imprisonment plus six months of supervised release. The court recognized the correct Guidelines range and sentenced Jackson within it. Contrary to Jackson's assertion, the court did not believe the bottom of the applicable Guidelines range was 18 months; it correctly identified the maximum possible sentence as 12 months. Therefore, the sentence was procedurally reasonable.

**IV.**

For the reasons stated above, we **AFFIRM**.