**Kathryn A. GRIFFIN, Plaintiff,**

v.

**Jennifer SANDERS, et al., Defendants.**

**Civil Action No. 11–CV–12289.**

United States District Court,
E.D. Michigan,
Southern Division.

Sept. 13, 2012.

Mark W. Hafeli, Hafeli, Staran, Bloomfield Hills, MI, for Plaintiff.

John L. Miller, Timothy J. Mullins, Giarmarco, Mullins & Horton, P.C., Troy, MI, for Defendants.

## OPINION AND ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTIONS TO COMPEL

MARK A. GOLDSMITH, District Judge.

### I. INTRODUCTION & BACKGROUND

#### A. *Procedural Posture*

Before the Court are two motions to compel discovery filed by Defendants. In the first motion, Defendants seek an order requiring that Plaintiff answer interrogatories and produce documents relating to Lynn Griffin, the Court-appointed Guardian ad Litem (Dkt. 38). In the second motion, Defendants seek an order requiring Lynn Griffin to reappear for deposition, answer questions relating to her disability, and produce her social security records. Defendants also ask that the scheduling order deadlines be extended by sixty days (Dkt. 53). The matters are fully briefed, except no reply has been filed by Defendants in connection with the second motion.

#### B. *Facts Pertinent to the Pending Motions*

Lynn Griffin is the mother of Plaintiff Kathryn Griffin, an incompetent adult who is incapable of testifying (Dkt. 30). Plaintiff has listed Lynn Griffin as a witness in this case. (Dkt. 30). According to the Second Amended Complaint, Lynn Griffin witnessed her daughter being molested at school. Second Am. Compl. ¶¶ 34–38 (Dkt. 28). In discovery, Defendants have inquired whether Lynn Griffin has suffered a brain injury or mental illness, to which Plaintiff has asserted that information relating to such inquiries is protected by the psychotherapist-patient privilege. Defendants assert that Lynn Griffin has waived any privilege, by disclosing her purported brain injury to the Social Security Administration (Dkt. 53) and Kathryn Griffin's healthcare providers (Dkts. 38, 48).

### II. ANALYSIS

Resolution of the pending motions requires review and application of the applicable law regarding relevancy, the psychotherapist-patient, and physician-patient privileges.

## A. Relevancy Standard

■ The "scope of discovery is within the sound discretion of the trial court." *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir.1993). For relevancy in discovery, information must be relevant to "any party's claim or defense" and, while the information itself need not be admissible as evidence, it must be "reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). *See also Lewis v. ACB Bus. Svcs., Inc.*, 135 F.3d 389, 402 (6th Cir.1998) ("The scope of examination permitted under Rule 26(b) is broader than that permitted at trial. The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence.") (quoting *Mellon v. Cooper–Jarrett, Inc.*, 424 F.2d 499, 501 (6th Cir.1970)). Courts have found discovery directed to a witness's mental condition reasonably calculated to lead to admissible evidence in a variety of instances. *See, e.g., Groden v. Allen*, No. 03–1685, 2004 WL 627496, at *1–2 (N.D.Tex. Mar. 25, 2004) ("Plaintiff's past medical or mental condition (including medical records relating to that condition) which could affect or have affected his memory or ability to testify, appears to be reasonably calculated to lead to the discovery of admissible evidence."); *Mockler v. Skipper*, No. 93–1117, 1994 WL 716002, at *3 (D.Or. Dec. 14, 1994) (deposition testimony regarding mental condition relating to fitness for work evaluation reasonably calculated to lead to admissible evidence).

■ Here, Plaintiff alleges that Lynn Griffin witnessed Plaintiff being molested at school. As Kathryn Griffin is incompetent and cannot testify, Plaintiff will use Lynn Griffin's testimony in her cause of action. Inquiries regarding whether Lynn Griffin has a mental condition that would affect her memory or ability to testify appear reasonably calculated to lead to admissible evidence and Defendants should be able to inquire about her mental condition within the boundaries of the privileges discussed below.

## B. The psychotherapist-patient privilege

■ The psychotherapist-patient privilege applies to "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment" and "are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." *Jaffee v. Redmond*, 518 U.S. 1, 15, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996). The privilege extends to psychologists and licensed social workers, as well. *Id.* at 15–16, 116 S.Ct. 1923. Like other privileges, a patient may waive the privilege. *Id.* at 15 n. 14, 116 S.Ct. 1923. However, *Jaffee* did not address all the contours of the privilege. *Id.* at 18 n. 19, 116 S.Ct. 1923.

Prior to *Jaffee*, the Sixth Circuit had recognized the privilege in *In re Zuniga*, 714 F.2d 632 (6th Cir.1983). In addition to recognizing the privilege, the Sixth Circuit held that "the identity of a patient or the fact and time of his treatment does not fall within the scope of the psychotherapist-patient privilege." *Id.* at 640. After *Jaffee*, the Sixth Circuit has revisited the privilege. *See, e.g., United States v. Hayes*, 227 F.3d 578 (6th Cir.2000) (declining to recognize "dangerous patient" exception); *Simon v. Cook*, 261 Fed.Appx. 873 (6th Cir.2008) (holding that plaintiff-patient waived privilege by placing his mental condition at issue in his civil action); *United States v. Kokoski*, 435 Fed. Appx. 472 (6th Cir.2011) (finding waiver of privilege because patient had disclosed contents of therapy sessions to probation office).

■ As to waiver of the privilege, there are two lines of cases addressing the scope of waiver of the psychotherapist-patient

privilege—broad and narrow. *Ruhlmann v. Ulster Cnty. Dep't Soc. Svcs.*, 194 F.R.D. 445, 448–50 (N.D.N.Y.2000) (discussing at length the two lines of cases); *Gaines–Hanna v. Farmington Pub. Schs.*, No. 04–74910, 2006 WL 932074, at *8 (E.D.Mich. Apr. 7, 2006) (in context of motion made under Rule 35); *See generally* 6–26 Moore's Federal Practice—Civil § 26.50[5] (2012) (collecting cases of both lines of cases). Broad or expansive waiver—in which the holder is held to have waived the privilege as to all aspects of the holder's mental condition—occurs when the "patient-litigant" merely places his mental condition at issue, such as when a plaintiff claims damages for emotional distress. *Fox v. Gates Corp.*, 179 F.R.D. 303, 305–06 (D.Colo.1998); *Gaines–Hanna*, 2006 WL 932074, at *8. In contrast, narrow waiver—in which the holder is held to have waived the privilege only as to a particular communication—occurs when the patient has disclosed or allowed disclosure of a particular communication. *See, e.g., Howe v. Town of N. Andover*, 784 F.Supp.2d 24 (D.Mass.2011). *See also Garvin v. Siouxland Mental Health Svcs.*, No. 10–4107, 2012 WL 3499249 (N.D.Iowa Aug. 14, 2012) (finding patient did not waive privilege by mentioning to co-workers she was in therapy for alcoholism). The Sixth Circuit has not adopted the broad or narrow approach to waiver of the psychotherapist-patient privilege, but has held that "placing one's mental health at issue constitutes waiver of the privilege." *Simon*, 261 Fed.Appx. at 886.

■ In our case, however, the issue of whether the broad form of waiver or the narrow form of waiver should be applicable

is irrelevant. Regarding Defendants' motions, Lynn Griffin is not a party and has not placed her mental health or psychiatric history in issue through the claims against Defendants, which are asserted by her daughter, Kathryn Griffin.[1] *See Simon*, 261 Fed.Appx. at 886. Therefore, waiver cannot be premised on the basis that she has placed her mental health or psychiatric history at issue. Nor has Lynn Griffin waived the privilege based on disclosures of confidential communications because, from the record, it does not appear that she has disclosed the content of any psychotherapy sessions or the like to third-parties. Although it appears that Lynn Griffin disclosed that she has memory problems to her daughter's caregivers, merely mentioning a mental condition or the fact of undergoing therapy does not waive the privilege. *See Kokoski*, 435 Fed. Appx. at 477 (finding waiver where patient signed release to provide confidential information and attached a psychotherapist's report in a filing with the district court). *See also Koch v. Cox*, 489 F.3d 384, 391 (D.C.Cir.2007) (holding that a plaintiff does not put his mental state in issue by merely acknowledging he suffers from depression ...").

■ Further, the record does not indicate that Lynn Griffin waived her privilege by disclosing the content of therapy sessions to the Social Security Administration to receive a disability benefit. Def.'s Mot. to Compel, (Dkt. 53, at 2–3) (including colloquy from deposition Lynn Griffin where she asserted privilege to questions about her mental condition and social security benefits); Pl. Resp. to Def.'s Mot. to Compel (Dkt. 56, at 1) (admitting to collo-

1. A guardian ad litem or next friend is not a party in interest. *Bunting ex rel. Gray v. Gray*, 2 Fed.Appx. 443, 446 (6th Cir.2001) ("A guardian ad litem or next friend, on the other hand, is a nominal party only; the ward is the real party in interest, ..." (quoting 6A Miller,

Wright, et al., Federal Practice and Procedure § 1548)). *See Carter v. Bradshaw*, 644 F.3d 329, 335 (6th Cir.2011) ("Generally, next friends proceed in litigation on behalf of a party that cannot seek relief because of incompetence or inaccessibility.").

quy). But whether and when Lynn Griffin had treatment is not privileged. *In re Zuniga*, 714 F.2d at 640.

Therefore, the Court concludes that Lynn Griffin has not waived her psychotherapy privilege.

### C. The physician-patient privilege

■ The physician-patient privilege does not exist under federal common law and Congress has not codified such a privilege. *G.M.C. v. Dir. of the Nat'l Inst. for Occupational Safety & Health*, 636 F.2d 163, 165 (6th Cir.1980) (citing *Whalen v. Roe*, 429 U.S. 589, 602 n. 28, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977)). The physician-patient privilege is a creature of state law, *see e.g.*, M.C.L. § 600.2157, and in civil cases, "state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R.Evid. 501. In a federal case, if a claim or defense is governed by state law, "any privilege objections pertaining to the state claim or defense are also governed by state law." 6–26 MOORE'S FEDERAL PRACTICE—Civil § 26.50[3] (2012). "Thus, a state-law physician-patient privilege may be recognized and applied by a federal court to a state-law claim or defense, but not to matters involving federal law." *Id.* (citing *Patterson v. Caterpillar, Inc.*, 70 F.3d 503, 506 (7th Cir.1995) (plaintiff could not assert state law physician-patient privilege because action involved federal question under ERISA)). The Sixth Circuit has commented that in cases "where state law claims are raised pendent to federal claims, the question of choice of law becomes more difficult." *Hancock v. Dodson*, 958 F.2d 1367, 1372–73 (6th Cir. 1992).

The Sixth Circuit decided that in civil actions with federal question and pendent state claims, the federal common law of privilege applies to all the claims. *Id.* at 1373 (holding that physician-patient privi-

lege did not apply to plaintiff's § 1983 and pendent state claims). In so holding, the court looked to the legislative history of Federal Rule of Evidence 501 and reasoned that this approach "appeared to be most consistent with the congressional policy that 'in nondiversity jurisdiction civil cases, federal privilege law will generally apply.'" (citing H.R.CONF.REP. NO. 1597, 93d Cong., 2d Sess. 7 (1974), reprinted in 1974 U.S.C.C.A.N. 7098, 7101) (quoting *Perrignon v. Bergen Brunswig Corp.*, 77 F.R.D. 455 (N.D.Cal.1978)). *See Washington v. Randall–Owens*, No. 06–12588, 2007 WL 1153042 (E.D.Mich. Apr. 18, 2007) (holding that no physician-patient privilege exists action with federal claims, including § 1983); *Schuler v. United States*, 113 F.R.D. 518 (W.D.Mich.1986) (discussing application of physician-patient privilege in diversity actions).

■ Turning to the motions at hand, the underlying civil action presents federal questions regarding the ADA, the Rehabilitation Act, and § 1983, along with pendent state law claims. The federal common law of privilege applies to all the claims in this civil action. *Hancock*, 958 F.2d at 1372–73. Consequently, Lynn Griffin cannot assert a physician-patient privilege over medical records for her injury that do not involve mental health treatment by a psychotherapist, psychologist, or licensed social worker.

### III. CONCLUSION

For the reasons stated above, Defendants' motion to compel (Dkt. 38) is denied in part to the extent that it seeks communications for the purpose of diagnosis or treatment between Lynn Griffin and any psychotherapists, psychologists, or licensed social workers, and granted in part to the extent that Lynn Griffin has other medical records. Furthermore, Defendants' motion to compel and extend time

(Dkt. 53) is granted in part as follows. Within thirty days, Defendants may re-depose Lynn Griffin regarding her medical history, but not communications between Lynn Griffin and any psychotherapists, psychologists, or licensed social workers for the purpose of diagnosis or treatment.

SO ORDERED.