**NOT RECOMMENDED FOR PUBLICATION**
File Name: 10a0796n.06

No. 09-1996

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Dec 28, 2010**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | |
| | ) | |
| v. | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| DION BRANCH, | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |
| | ) | |

BEFORE:     **MERRITT, ROGERS, and WHITE, Circuit Judges.**

**MERRITT, Circuit Judge**.  Dion Branch appeals his sentence of twenty-four months of imprisonment for violating the terms of his supervised release for the third time.  He argues that his sentence is both procedurally and substantively unreasonable.  We disagree and therefore affirm.

**I.**

Dion Branch's initial period of supervised release stemmed from his conviction for conspiracy to unlawfully distribute cocaine and marijuana.  Branch pleaded guilty to these offenses in February 1997.  The district court sentenced him to eighty-four months in prison, followed by five years of supervised release.  Branch served his time and was released in March 2003.

Since then, Branch has demonstrated a persistent inability to comply with the terms of his supervised release; he has appeared before the district court three separate times for these violations.

In May 2005, Branch pleaded guilty to violations arising from an incident where he was riding in a vehicle with another person who possessed marijuana and $6000 in cash. Branch subsequently admitted he was dealing marijuana and cocaine at the time. He was sentenced to thirty months of imprisonment followed by thirty months of supervised release. Again, he served his time and was released from prison in June 2007. But only one year later, in June 2008, Branch pleaded guilty to violating his supervised release by driving a vehicle not registered to him in a geographic area he was prohibited from entering. The district court sentenced him to thirty days of imprisonment followed by another period of supervised release. Less than one month into that period of supervised release, Branch absconded from supervision after being pulled over by the police while driving to the hospital to treat an injury to his arm. He was in hiding until he was apprehended one year later.

For his most recent infraction, the government charged Branch with eight violations of the terms of his supervised release. The first six violations stemmed from his fleeing from supervision; the last two violations involved his alleged submission of two applications to obtain fraudulent Michigan driver's licenses. The district court held a revocation hearing in July 2009 to determine whether Branch's supervised release should be revoked and what other punishment was appropriate. At the hearing, Branch pleaded guilty to the first six violations and no contest to the final two violations. His counsel explicitly stated that the advisory sentencing range was six to twelve months. The district judge asked Branch questions about the violations, permitted counsel for both sides to make arguments as to the appropriate sentence, and then sentenced Branch to twenty-four months of imprisonment with no period of supervised release. Branch now appeals.

**II.**

When reviewing a sentence for procedural reasonableness, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range . . . or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). The district judge need not "explicitly discuss" the proper Guidelines range so long as "it is clear from the record that the district court was aware of the range and considered it." *United States v. Smith*, 510 F.3d 603, 607–08 (6th Cir. 2007). "If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Gall*, 552 U.S. at 50.

Branch first argues that the district court erred by not explicitly referring to the applicable sentencing range from the Guidelines policy statements.[1] He asserts on appeal that the proper range was six to twelve months, and the government does not dispute that range. Although the district judge did not mention any sentencing range during the revocation hearing, the district judge was plainly aware of the proper range, because Branch's counsel explicitly stated it earlier in the hearing. Like in *Smith*, where the prosecution rather than the district judge mentioned the range, the district court "was aware of the range and considered it." 510 F.3d at 607–08. We therefore find no error.

---

[1]The Sentencing Commission has chosen to issue "policy statements" rather than "guidelines" for supervised-release violations. U.S.S.G. ch. 7, pt. A, introductory cmt. 1. The district court therefore must consider those policy statements, contained in Chapter Seven of the Guidelines. *United States v. Bolds*, 511 F.3d 568, 579 n.5 (6th Cir. 2007). The policy statements set forth their own advisory sentencing ranges. *See* U.S.S.G. § 7B1.4(a).

Branch next contends that the district court erred by not "address[ing] Mr. Branch's argument regarding his medical condition." At the revocation hearing, Branch's counsel told the court that Branch "has a bad back and some other ailments that hurt him, and . . . the Court should be aware of that fact." This statement could easily be construed as a request that Branch receive treatment while in prison—which the district court ordered—rather than as an argument for a shorter sentence. But even assuming that Branch's counsel proffered it as an argument for a shorter sentence, a district court "need not explain its reasons for rejecting each argument made by a defendant." *United States v. Smith*, 510 F.3d 603, 608–09 (6th Cir. 2007) (collecting cases). Here, the district court was not required to explicitly address such a "non-meritorious [and] undeveloped" argument. *United States v. Feazell*, 219 F. App'x 430, 433 (6th Cir. 2007).

Branch's final argument for procedural unreasonableness is that the district court did not properly explain its upward departure from the advisory sentencing range. Branch's sentence of twenty-four months of imprisonment exceeded the policy statement range of six to twelve months. *See* U.S.S.G. § 7B1.4.[2] The district judge, however, explicitly gave three reasons for the twenty-four month sentence: (1) "the inability of supervised release characteristics to ensure [Branch's] rehabilitation," (2) Branch's "refusal to comply with the conditions of [his] supervised release," and (3) Branch's "high risk of continuous felonious behavior." Moreover, this was the *third* time that the same district judge had sentenced Branch for violating his supervised release, so the district judge

---

[2]Branch indicates on appeal that the most severe violations of his supervised release were "Grade B" violations, and that his criminal history category was "II." The government does not dispute these determinations.

was fully aware of how fruitless another period of supervised release would likely be. Instead of giving Branch a fourth period of supervised release, the district judge simply added additional time to Branch's prison sentence and provided for no period of supervised release after Branch completed the prison sentence. Nearly the entire forty-minute revocation hearing pertained to Branch's inability to comply with the terms of his supervised release, and the district judge's statements made clear that this inability was the reason for a longer sentence of imprisonment followed by no period of supervised release. *Cf. United States v. Bolds*, 511 F.3d 568, 582 (6th Cir. 2007) (affirming as procedurally reasonable the defendant's above-Guidelines sentence for violating her supervised release where the district court noted the defendant's continued failure to comply with her supervised release). Accordingly, the district court's sentence was procedurally reasonable.

## III.

A sentence is substantively unreasonable "if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent [18 U.S.C.] § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Husein*, 478 F.3d 318, 332 (6th Cir. 2007) (internal quotation marks omitted).

Branch argues on appeal that his twenty-four month sentence was arbitrary because it exceeded the advisory sentencing range given by the Guidelines policy statements. What Branch ignores, however, is precisely the reason given by the district judge for the upward departure: this was the third time that Branch had violated the terms of his supervised release. The fundamental principle underlying sentencing for supervised-release violations is that "the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the

seriousness of the underlying crime and the criminal history of the violator." U.S.S.G. ch. 7, pt. A, introductory cmt. 3(b). The advisory sentencing range given by the pertinent policy statement, however, only considers the seriousness of the underlying crime and the defendant's criminal history. *See* U.S.S.G. § 7B1.4. It does not otherwise address a defendant's breach of trust by, for example, increasing the sentencing range for defendants who have appeared before the district court several times for violating their supervised release. By departing upward from the advisory range, the district court simply sought to incorporate the significant breach of trust resulting from Branch's violating his supervised release three times—and absconding from supervision for one year during the most recent violation. His sentence was not arbitrary; rather, it was perfectly reasonable under these circumstances.

## IV.

For these reasons, we **AFFIRM** Branch's sentence.