**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0844n.06

No. 10-2663

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| DESHAWN WELLS, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

**FILED**

*Dec 15, 2011*

LEONARD GREEN, Clerk

Before: CLAY, SUTTON and STRANCH, Circuit Judges.

SUTTON, Circuit Judge. The district court sentenced Deshawn Wells to two years in prison for violating the terms of his supervised release. We affirm.

I.

In April 2006, Wells pled guilty to one count of being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). The district court sentenced Wells to 38 months in prison followed by two years of supervised release. Wells began his term of supervised release in July 2009. In April 2010, Wells' probation officer asked the district court to revoke his supervised release because Wells had driven under the influence of alcohol and tested positive for marijuana. In September, the probation officer added another violation, resisting and obstructing a police officer during a traffic stop.

In December, the district court held a supervised release revocation hearing, at which Wells admitted all three violations. His conduct constituted a grade B supervised release violation, which, when combined with his criminal history (IV), yielded a guidelines policy statement range of 12 to 18 months in prison. *See* U.S.S.G. § 7B1.4. Wells asked the court for a sentence within that range; the government asked for a sentence at or near the top of the range. The district court imposed a 24-month sentence, the statutory maximum, for a number of reasons: Wells' multiple supervised release violations, his lack of cooperation with the probation office and the police, his failure to take responsibility for the well-being of his children and his lengthy criminal history.

II.

Wells contends that his 24-month sentence is procedurally unreasonable because "the district court failed to explain why a sentence[ ] 12 months above the bottom of the policy range was . . . necessary" to satisfy the statutory sentencing factors. Br. at 13. We review this argument for plain error because Wells did not raise it below, even after being given an opportunity to do so. *See United States v. Vonner*, 516 F.3d 382, 385–86 (6th Cir. 2008) (en banc). The district court committed no error, plain or otherwise. It satisfied the obligation to "explain its reasoning to a sufficient degree to allow for meaningful appellate review" of the reasonableness of its conclusions. *United States v. Brown*, 501 F.3d 722, 724 (6th Cir. 2007). The court first noted that it would "take into account all of the 3553 standards," but that it would focus on "the nature and circumstances of the offense[ ] and the history and characteristics of the defendant." R.63 at 19. The court then determined that because Wells had engaged in a "pattern of behavior . . . since he was a late

teenager"—"[i]rresponsibility, criminal behavior, fleeing from the police, resisting authority, [and] not adhering to the requirements of the probation officer or of the Court"—a sentence at the statutory maximum, 24 months, was "the single appropriate sentence" that would adequately deter Wells from future misbehavior and protect the public from him. R.63 at 25, 28. This explanation suffices. Aside from Wells' understandable disagreement with the court's ultimate conclusion, we fail to see what more he would have liked the court to say.

Nor is Wells' sentence substantively unreasonable. Because the guidelines range accounts only for "the seriousness of the underlying crime and the defendant's criminal history," and does not take into account whether a defendant has violated his supervised release one time or many, it may be reasonable for a district court to vary upward when sentencing an offender who commits repeated supervised-release violations. *United States v. Branch*, 405 F. App'x 967, 970 (6th Cir. 2010). We have upheld similar upward variances—indeed greater variances—to deal with serial violators. *See, e.g.*, *id.* at 968 (upholding a 24-month sentence where the guidelines range was 6–12 months); *United States v. Kokoski*, 435 F. App'x 472, 474 (6th Cir. 2011) (upholding a 34-month sentence where the guidelines range was 8–14 months); *United States v. Bolds*, 511 F.3d 568, 572 (6th Cir. 2007) (upholding a 24-month sentence where the guidelines range was 4–10 months). Wells offers no meaningful reason to handle this appeal differently. In view of his history of criminality and irresponsible behavior, his lack of cooperation with law-enforcement officers and his repeated violations of supervised release, it was reasonable for the district court to vary upward in imposing this 24-month sentence.

III.

For these reasons, we affirm.