**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 13a0971n.06**

**No. 12-4219**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
Nov 13, 2013
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | NORTHERN DISTRICT OF OHIO |
| BRANDON JACKSON, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before:  BOGGS and SUTTON, Circuit Judges, and CLELAND, District Judge.[*]

SUTTON, Circuit Judge.  Brandon Jackson has twice been sentenced to periods of supervised release following incarceration on a drug conspiracy charge, and he has twice violated the conditions of his release.  At his second supervised release revocation hearing, the district court sentenced Jackson to 24 months in prison, a sentence that Jackson claims was procedurally and substantively unreasonable.  We disagree and affirm.

In 2004, Jackson pled guilty to conspiring to distribute cocaine base.  *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(C) & 846.  The district court sentenced him to 33 months in prison and three years of supervised release.  After Jackson served his prison sentence, he  soon found himself in trouble again.  During his period of supervised release, Jackson failed to report to his probation officer,

---

[*]The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

failed to submit monthly supervision reports and failed to comply with his required drug-testing program. When officers attempted to arrest Jackson for the violations, he tried (unsuccessfully) to flee. The district court revoked Jackson's supervised release and sentenced him to ten months in prison and two more years of supervised release.

Again Jackson served his jail time, and again he violated the conditions of his supervised release. On October 20, 2011, Jackson was charged in a twelve-count indictment in state court for participating in a heroin distribution ring. To make matters a little worse, Jackson failed to attend a substance abuse treatment appointment, a violation of his supervised-release conditions. The district court held a revocation hearing on September 20, 2012, where the court considered Jackson's woeful supervised-release history, the deterrent effect (or lack thereof) of Jackson's previous sentences and the seriousness of Jackson's heroin conviction. The combination of Jackson's grade A supervised-release violation and category II criminal history yielded a guidelines range of 15 to 21 months in prison. *See* U.S.S.G. § 7B1.4. In light of Jackson's history, the court imposed a 24-month sentence—the statutory maximum—and ordered it to run consecutively to Jackson's state sentence for the heroin conviction.

On appeal, Jackson challenges the 24-month sentence, which we review for procedural and substantive reasonableness. *United States v. Carr*, 421 F.3d 425, 429 (6th Cir. 2005). In the first place, the district court satisfied the procedural requirements for imposing this sentence. Where a supervised-release term is revoked and a prison term imposed, the sentencing guidelines require district courts to consider the § 3553(a) factors. *See* 18 U.S.C. § 3583(e). In any given case, some

factors are bound to be more relevant than others, often making it unnecessary to engage in the "ritual incantation" of each factor. *United States v. Polihonki*, 543 F.3d 318, 324 (6th Cir. 2008) (internal quotation marks omitted). The relevant question is whether the district court has "explain[ed] its reasoning to a sufficient degree to allow for meaningful appellate review" of the reasonableness of its conclusions. *United States v. Brown*, 501 F.3d 722, 724 (6th Cir. 2007).

That is a modest standard, and the district court met it. The court considered "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). It acknowledged that Jackson admitted to violating the conditions of his supervised release by "trafficking in large amounts of heroin," R. 398 at 7, and by failing to "attend substance abuse treatment," *id.* at 4, and noted Jackson's personal history as a "repeat supervised release violator" who "refused to surrender to law enforcement and engaged in a stand-off with the U.S. Marshals," *id.* at 7. It explained that Jackson "was not deterred by any earlier terms of incarceration," *id.*, and was a "very high-risk offender" whose drug activities posed a danger to the community, *id.* at 8; *see also* 18 U.S.C. § 3553(a)(2)(B) & (C). And we can presume that the court considered the relevant policy statements for supervised-release violations. Based on Jackson's history, it is fair to say that the court believed that the 15–21 month advisory guidelines range was inadequate, as it suggested that the statutory maximum itself was "not sufficient" to deter Jackson and protect the public. R. 398 at 8.

Jackson complains that the court did not discuss educational or vocational training, medical care or other correctional treatment, *see* 18 U.S.C. § 3553(a)(2)(D), or "the need to avoid

unwarranted sentencing disparities among defendants," *id.* § 3553(a)(6). But we have never required "that a district court make specific findings relating to each of the [section 3553(a)] factors considered." *United States v. McLellan*, 164 F.3d 308, 310 (6th Cir. 1999). Specific findings on these points at any rate would have made little sense. Jackson failed to present any arguments at the district court (or in his appellate briefs for that matter) about what training or medical care or correctional treatment might be appropriate as part of his sentence, and there can be little concern for "unwarranted sentencing disparities" where Jackson's sentence reflects a mere three-month upward variance for repeated supervised-release violations. *See United States v. Malone*, 404 F. App'x 964, 966 (6th Cir. 2010).

Jackson adds that the court improperly emphasized the nature of his underlying violation (heroin trafficking), the inadequacy of his state court sentence (three years) and his past behavior under supervised release (refusing to surrender to U.S. Marshals attempting to arrest him). App. Br. at 12–14. But the § 3553(a) factors implicate these very points. *See* 18 U.S.C. § 3553(a)(1) (requiring the district court to consider the history and characteristics of the defendant). And, at any event, that is not all the district court considered. It found that Jackson was a "high-risk offender" and "repeat supervised release violator," who "was not deterred" by earlier sentences and was a danger to the community. R. 398 at 7–8.

Jackson separately complains that his 24-month sentence should not run consecutive to, but should run concurrent with, his state court sentence for heroin trafficking. Jackson is correct on one point. District judges have the authority to impose concurrent or consecutive terms of

imprisonment.  18 U.S.C. § 3584(a).  But that does not make the district court's exercise of that discretion here problematic.  The guidelines recommended that Jackson's federal- and state-court sentences run consecutively.  *See* U.S.S.G. 7B1.3(f) ("Any term of imprisonment imposed upon revocation of . . . supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving.").  And the record makes clear that the district court chose to impose a consecutive sentence not because he read "shall" in the sentencing guidelines as mandatory but because a lesser sentence would be insufficient to deter the defendant and protect the public.  No abuse of discretion occurred.

The sentence is also substantively reasonable.  Under the "totality of the circumstances," *Gall v. United States*, 552 U.S. 38, 51 (2007), the court acted well within its discretion in imposing a 24-month sentence, given Jackson's record as a serial supervised-release violator and his record as a serial violator of the drug laws.  The sentence represents a mere three-month upward variance from the recommended guidelines range, and we have affirmed similar sentences, indeed longer sentences, in similar supervised release violation cases.  *United States v. Wells* upheld a six-month upward variance in part because the guidelines range "does not take into account whether a defendant has violated his supervised release one time or many," concluding that "it may be reasonable for a district court to vary upward when sentencing an offender who commits repeated supervised-release violations." 443 F. App'x 997, 998 (6th Cir. 2011).  *Wells* was no outlier.  *See, e.g.*, *United States v. Kokoski*, 435 F. App'x 472, 477 (6th Cir. 2011) (affirming 34-month sentence where guidelines range was 8–14 months); *United States v. Branch*, 405 F. App'x 967, 968, 970 (6th

Cir. 2010) (affirming 24-month sentence where guidelines range was 6–12 months); *United States v. Bolds*, 511 F.3d 568, 572, 582 (6th Cir. 2007) (affirming 24-month sentence where guidelines range was 4–10 months). No abuse of discretion occurred.

For these reasons, we affirm.