NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0583n.06

Case No. 13-2251

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
*Aug 01, 2014*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| JAMES DAVID SHIRELY, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | **O P I N I O N** |
| | ) | |

BEFORE:  GIBBONS and McKEAGUE, Circuit Judges, LAWSON, District Judge.[*]

**McKeague, Circuit Judge.**  James David Shirley appeals the district court's decision to impose a twenty-four month prison sentence on the revocation of his term of supervised release. We affirm.

**I.**

In January 2008, Shirely pled guilty to bank robbery.  Shirely's presentence report included a statement by him explaining how his drug abuse, especially of heroin, had adversely affected his life and led him to his current predicament.  The district court, noting Shirley's

---

[*] The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

chances of rehabilitation, departed downward from the guideline range and sentenced Shirely to thirty-six months of imprisonment to be followed by thirty-six months of supervised release.

But once on supervised release, Shirely again began abusing drugs such as marijuana and Vicodin. This resulted in Shirely violating the conditions of his supervised release five times; each time the district court imposed progressively harsher sanctions on Shirely, including electronic monitoring, time spent at the Residential Reentry Center ("RRC"), and incarceration time within the guidelines range, to no avail. The fifth time, Shirely's violation involved the use of heroin, the same drug he was using when he committed the bank robbery. In considering Shirely's supervised release violation sentence, the district court reasoned as follows:

> The relevant factors to be considered by the Court in imposing a prison sentence and a term of supervised release are the nature and circumstances of the offense; and history and characteristics of the defendant. The sentence must afford adequate deterrence to criminal conduct; protect the public from further crimes of the defendant; provide the defendant with needed medical, educational, and/or correctional treatment; the need to avoid unwarranted sentencing disparity among similarly situated defendants; any guideline policy statements that pertain; and the kinds of sentences available to the Court. . . .

> I do not intend to place Mr. Shirely on supervised release after he completes his term of imprisonment that I'm about to impose. An upward departure from the advisory guideline range is totally appropriate in this case, at this point in time, in this particular case.

> First, the Court notes the Application Note 4 of Guideline 7B1.4, I believe it is, indicating that if the original sentence was a result of a downward departure on a violation of supervised release, the Court may consider an upward departure. And I have considered, and I believe upward departure is warranted for that reason. In addition to that, I have four prior supervised release violations in which the Court desperately tried to keep Mr. Shirely within the guidelines as well as giving him minimal incarceration time -- and incarceration time within the guidelines on each occasion.

> The penalty imposed in November of 2010 for use of marijuana was three months on home detention. In July of 2011, for use of marijuana and Vicodin. In July of 2011, five months in the halfway house. Electronic monitoring pending placement in the halfway house. In November, 2011, the use of synthetic

marijuana in violation of the RRC rules two months, with supervised release to follow.

In July of 2012, use of controlled substances and failure to participate in treatment; custody ten months; supervised release 23, and now we are back for the fifth time.

There is no doubt that drug addiction has Mr. Shirely by the neck, by the throat, but he is -- but his probation officer and this Court have been working harder on it than he has. And I and the Court's resources are at an end for Mr. Shirely. And given his prior violations, of which there are four, usually you don't come in front of a federal judge for the fifth time, usually by the second or third time you are headed off to a lengthy term of incarceration. But as I said, the Court has tried alternative sanctions, intermediate sanctions, sanctions within the guidelines, but they apparently have not had any effect on Mr. Shirely because he is back again.

I think the statutory maximum, recognizing that it is a significant departure upward is warranted in this case for the factors that I have outlined, that is, the four prior supervised release violations, as well as the fact that he was a beneficiary of an original downward departure. So for all of these reasons, it's the judgment of the Court the defendant is committed to the custody of the Bureau of Prisons for a period of 24 months, with no supervised release to follow.

R. 15, Tr. at 12–18, PageID # 311–14. This appeal followed.

## II.

Shirley argues that the district court's imposed sentence was substantively unreasonable and greater than necessary first because there were no grounds for an upward departure, and second because the district court failed to consider all of the statutory sentencing factors. "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Brinley*, 684 F.3d 629, 636 (6th Cir. 2012) (quoting *United States v. Webb*, 616 F.3d 605, 610 (6th Cir. 2010)). This court reviews sentences imposed following a revocation of supervised release for an abuse of discretion. *United States v. Kontrol*, 554 F.3d 1089, 1092 (6th Cir. 2009).

First, considering the district court's discussion provided above, we find no abuse of discretion in the district court's determination that an upward departure was warranted. As the district court correctly noted, the sentencing guidelines specifically provide that "[w]here the original sentence was the result of a downward departure (e.g., as a reward for substantial assistance), or a charge reduction that resulted in a sentence below the guideline range applicable to the defendant's underlying conduct, an upward departure may be warranted." *See* U.S. Sentencing Guidelines Manual § 7B1.4 cmt. n.4 (2011). The district court departed downward in sentencing Shirely for the bank robbery, and so this guideline squarely applies. Moreover, we have previously noted the reasonableness of upward departures in the context of repeated violations of supervised release, as is the case here. *See United States v. Wells*, 443 F. App'x 997, 998 (6th Cir. 2011).

Shirely's assertion that his circumstances were less than "extraordinary" does not change the analysis. Shirely presents no convincing argument as to why the district court abused its discretion in this regard, and instead makes much of the fact that the statutory maximum represents a 600 hundred percent increase from the bottom of the guideline range and a 240 percent increase from the top of the guideline range. But the statutory maximum would necessarily involve some factor of increased proportionality when compared to the top and bottom of the guideline range; this is why it represents an upward departure. His argument is akin to saying that if the guidelines suggested, for a defendant who had spent a day in jail, an available sentence was time served—but the district court instead gave the defendant thirty days of imprisonment, that the sentence was substantively unreasonable on the basis that the punishment was a 3000 percent increase from the suggested punishment. Stressing the multiplier simply does not establish that the district court abused its discretion.

Second, again considering the district court's reasoning above, we find no abuse of discretion in the district court's consideration of the relevant statutory factors. At the onset, we note that in the context of a sentence imposed on a revocation of supervised release, 18 U.S.C. § 3583(e), "Modification of Conditions or Revocation," governs. Section 3583(e) directs courts to consider only select factors in § 3553(a) in making its assessment, namely, § 3553(a)(1) (the nature and circumstances of the offense and the history and characteristics of the defendant), § 3553(a)(2)(B) (deterrence considerations), § 3553(a)(2)(C) (protecting the public), § 3553(a)(2)(D) (effective treatment for the defendant), § 3553(a)(4) (the sentencing range), § 3553(a)(5) (any pertinent policy statements), § 3553(a)(6) (sentencing disparities), and § 3553(a)(7) (restitution). A review of the district court's discussion above clearly indicates that the district court did in fact consider the factors relevant to Shirley's case in making its assessment. The district court focused on Shirely's history of drug abuse and the repeated failure of other methods to keep him from drugs as well as the relevant guidelines policy comment. Factors such as restitution are simply not relevant here. Shirely argues that the district court did not consider some of the relevant factors. However, the record shows that the district court identified each of the factors cataloged in § 3553(a), and although there is not an extended discussion of each of them, it is apparent that there were considered. That is sufficient. *See United States v. Morris*, 448 F.3d 929, 932 (6th Cir. 2006) (noting that while a district court must articulate its reasoning, it need not "explicitly reference" every factor in its review). Moreover, Shirely's contention that the district court overemphasized his history of drug use is without merit. In light of the fact that heroin use led him to commit bank robbery in the first place as well as his repeated violations, it is simply not the case that the district court's reliance on this consideration was an abuse of discretion. *See United States v. Bridgewater*, 479 F.3d 439, 442

(6th Cir. 2007) ("Not all [factors] are important in every sentencing; often one or two prevail, while others pale.").

## III.

We find no abuse of discretion in the district court's sentence imposed on the revocation of Shirely's term of supervised release. The judgment of the district court is **AFFIRMED**.