**NOT RECOMMENDED FOR PUBLICATION**
File Name: 19a0201n.06

**No. 18-3842**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Apr 23, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| SEAN A. MIHALKO, | ) | DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: COOK, McKEAGUE, and WHITE, Circuit Judges.

HELENE N. WHITE, Circuit Judge.

Defendant-Appellant Sean A. Mihalko ("Mihalko") challenges the reasonableness of the sentence imposed by the district court after he admitted to violating his supervised-release conditions. Mihalko contends that his sentence is procedurally unreasonable because the district court failed to consider all the sentencing factors, and that his sentence is substantively unreasonable because it is greater than necessary to accomplish the purposes of 18 U.S.C. § 3553. Because the district court did not abuse its discretion, we AFFIRM.

**I.**

**A.**

After Mihalko pled guilty to conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 1343 and 1349, the district court sentenced him to 26 months' imprisonment, followed by a three-year term of supervised release. Mihalko began his term of supervised release on January 5,

2018.   On April 27, 2018, Mihalko's probation officer submitted a report alleging the following supervised-release violations:

> 1. The offender did not attend drug treatment as instructed - He did not attend the individual counseling on the following dates: March 7, 9, 16, 21, April 4, 11, 13, and 25, 2018.
>
> 2. The offender did not attend drug testing - He did not report for Code-a-Phone on the following dates: March 4, 11, and 25, 2018.
>
> 3. Illicit Drug Use - The offender tested positive of [sic] marijuana on March 7, 2018, which was confirmed by Alere Toxicology on March 12, 2018.
>
> 4. Whereabouts Unknown - The offender left the Open Door Program with all his belongings on Sunday April 22, 2018.  He also failed to report for his employment since Monday, April 23, 2018.

(R. 50, PID 293 (quoting R. 39).)  A warrant was issued for Mihalko's arrest.

Mihalko was arrested in Philadelphia, Pennsylvania two months later.   The probation officer filed a supplemental information report, stating that Mihalko had been arrested while "shooting up heroin at a bus stop," and that he had been verbally aggressive and threatening during his arrest, threatening "suicide by cop" the next time officers came to arrest him.  (R. 49, PID 291.) According to the report, the arresting officers took Mihalko to a hospital to treat his infected drug-injection sites, and he continued to act aggressively.

**B.**

Mihalko admitted before a magistrate judge that he committed the four supervised-release violations alleged in the April 27, 2018, violation report.  The magistrate judge recommended that the district court find that Mihalko violated the terms of his supervised release.  The parties then had a hearing before the district court.  The district court first reviewed the initial violation report from April 27, 2018, and the supplemental report filed after Mihalko's arrest.  Neither party objected to the magistrate judge's recommendation, and the district court concluded that Mihalko had violated the terms of his supervised release.  The district court next confirmed that the advisory

2

range under the United States Sentencing Guidelines ("Guidelines") for Mihalko's offense was 8 to 14 months and the maximum sentence the court could impose was 24 months.

The court then addressed Mihalko, noting that he had been on supervised release only for a short time and had not been "restrained by its requirements." (R. 58, PID 317.) The court also noted Mihalko's desire to reside in Pennsylvania rather than Ohio. Mihalko interrupted, stating that he was not from Ohio. The district court warned Mihalko not to interrupt again and reminded him that his request to transfer supervision to Pennsylvania was denied because of his failure to comply with the supervision conditions. The court explained that since the denial of the transfer request, Mihalko had "gone out of [his] way . . . to be a danger to [himself] and to the public." (*Id.* at PID 318.)

The court invited the government to speak, and the government noted Mihalko's threat to law enforcement and recommended a sentence at the "highest end of the guidelines." (*Id.* at PID 318-19.) In response, the district court questioned whether any within-Guidelines sentence would be appropriate due to Mihalko's refusal to be supervised and disrespect toward court officers. The government agreed with the district court's analysis and deferred to its discretion to determine the proper length of Mihalko's sentence.

The court then invited Mihalko's counsel to address the court. Mihalko's counsel noted that Mihalko suffered from anxiety and stress that was due in part from residing in Ohio. The counsel also identified some of Mihalko's positive accomplishments during supervision, including Mihalko's completion of a residential program and his two jobs. Counsel next asserted that some of Mihalko's behavior was due to his refusal to take medication that he claimed had adverse effects on him. Mihalko's counsel maintained that Mihalko was not a danger to the public, and asked the court to impose a within-Guidelines sentence under these circumstances. In response, the district

court questioned the statement that Mihalko was not a danger, noting Mihalko's aggressive behavior and "suicide by cop" threat during his arrest. (*Id.* at PID 323-24.) Mihalko then spoke again, claiming that he did not make the "suicide by cop" statement. (*Id.* at PID 324.) The court again warned him against making statements out of turn and noted that the supplemental report stated that Mihalko made that statement.

The court then allowed Mihalko to address the court. Mihalko again denied that he threatened suicide by cop. Mihalko claimed that he only became aggressive toward the arresting officers after an officer called him a "junkie." (*Id.* at PID 325.) The district court asked Mihalko why he previously called a drug counselor a "bitch." (*Id.* at PID 326.) Mihalko said he wanted the counselor to give his phone back and that was just the way he talked after being incarcerated for much of the previous 10 years. Mihalko explained that he suffered from anxiety from living in Ohio and wanted only to go back home to Pennsylvania. He also complained that the probation department required him to attend drug testing and treatment far too often, and it interfered with his work. Mihalko also noted that the only drug test he failed was for marijuana.

After Mihalko concluded, the district court responded that it was unmoved by Mihalko's reasons for his behavior toward court officers and his refusal to be supervised. The court then concluded that the Guidelines did not adequately account for Mihalko's behavior and that an above-Guidelines sentence of 20 months' imprisonment was needed to protect the public, deter Mihalko, and promote respect for the law:

> [W]hen I look at especially the 3553(a) factors and the policy statements and I measure all of that against the recommendation in the United States Sentencing Guidelines, the guidelines does not account for your behavior. Your behavior has been willful. It's been defiant. It's placed you in the position of being a danger to society.
>
> I think the only hope I have of deterring you and anyone else who believes that violating supervision is a way to get what you want -- which is back to

4

Pennsylvania, which was never going to happen without Pennsylvania accepting you, and it's really a pity you didn't understand that.

But when I consider all of those things, I find that the guidelines is not sufficient. The maximum term I can impose is 24 months. And because of you, Mr. Ranftl [Mihalko's counsel], because you did make some inroads on my thinking, I hereby impose a term of incarceration by way of a variance upwards from the high end of the United States Sentencing Guidelines of 20 months you'll serve, without credit for time already served. And that's because of your disrespect to the jailers and the marshals and the probation officer and the drug counselor.

(*Id.* at PID 328-29.)

The district court subsequently entered an order revoking Mihalko's term of supervised release and sentencing him to 20 months' imprisonment.

## II.

We review supervised release revocation sentences "under a deferential abuse of discretion standard for reasonableness." *United States v. Bolds*, 511 F.3d 568, 575 (6th Cir. 2007) (internal quotation marks omitted). Thus, "we may overturn a sentence only if it is procedurally or substantively unreasonable." *United States v. Kontrol*, 554 F.3d 1089, 1092 (6th Cir. 2009). If the sentence is procedurally reasonable, we consider if it is substantively reasonable. *See id.*

## A.

A district court commits a procedural error and abuses its discretion by "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). "[T]his court does not require 'ritual incantation' of § 3553 [factors] to affirm a sentence." *United States v. Denny*, 653 F.3d 415, 424 (6th Cir. 2011).

Mihalko challenges the district court's consideration and weighing of the sentencing factors, contending that the district court "unreasonably dwelled on [Mihalko's] perceived demeanor and attitude and failed to adequately consider other factors." (Appellant's Br. at 9.) The record does not support Mihalko's assertion that the district court did not adequately consider the § 3553 factors. The district court considered Mihalko's history and characteristics, including Mihalko's aggressive and threatening conduct toward arresting officers and continued refusal to comply with the conditions of supervised release. The court further considered the reasons offered by Mihalko and his counsel for his history and actions. Although the court was not convinced by Mihalko's explanation for his language toward the drug counselor, the court noted that Mihalko's counsel's argument did make "inroads" on its thinking. (R. 58, PID 329.)

The district court also considered the need to deter Mihalko and promote respect for the rule of law. The district court found that Mihalko's behavior had been "willful" and "defiant" and noted the need to "deter[] [Mihalko] and anyone else who believes violating supervision is a way to get what you want . . . ." (*Id.* at PID 328.) The district court also discussed at length the need to protect Mihalko and the public. The district court explained that after Mihalko's request to transfer to Pennsylvania was denied, he had "gone out of [his] way to be a danger to [himself] and the public." (*Id.* at PID 318.) The district court noted Mihalko's threat that the officers' next attempt to arrest him would result in a "suicide by cop." (*Id.* at PID 324.) Although Mihalko denied making the statement, he did not request an evidentiary hearing, and the district court did not clearly err in concluding that the information in the supervised-release violation report was credible. The district court also cited Mihalko's aggressive behavior toward the arresting officers, actions that Mihalko did not deny but tried to justify. The district court further noted Mihalko's refusal to abide by supervised-release conditions made him a danger to himself and the public.

Mihalko contends that the district court failed to adequately consider the positive steps he had taken and his attempts to comply with the terms of supervised release. However, the court considered argument from Mihalko's counsel highlighting that Mihalko completed a residential program, entered a halfway house, and found employment. The court later stated that Mihalko's counsel's argument had affected its sentencing decision.

Because the district court adequately considered the sentencing factors, the sentence it imposed was not procedurally unreasonable.

**B.**

"The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632-33 (6th Cir. 2010). We consider the totality of the circumstances to determine if a sentence is substantive reasonable. *Bolds*, 511 F.3d at 581. Although a within-Guidelines sentence is entitled to a presumption of reasonableness, we do "not [ ] apply a presumption of unreasonableness to outside-Guidelines sentences." *Id.* "In general, we must give 'due deference' to the district court's conclusion that the sentence imposed is warranted by the § 3553(a) factors." *Id.*

Mihalko asserts that his sentence is substantively unreasonable because the district court "gave an unreasonable amount of weight to [his] demeanor and perceived attitude to the exclusion of his attempts to comply with the conditions of supervised release." (Appellant's Br. at 12.) Mihalko also points to the non-violent nature of both his original offense and admitted supervised-release violations.

The district court's above-Guidelines sentence was not an abuse of discretion. The court determined that an above-Guidelines range was necessary to deter Mihalko and protect the public,

considering Mihalko's refusal to abide by the terms of his supervised release and violent threats and conduct during his arrest. In making that determination, the district court considered Mihalko's counsel's arguments for a lesser sentence, including Mihalko's struggle with anxiety and stress and the positive steps he had taken. The district court implied that those arguments affected the sentence it imposed, noting that Mihalko's counsel had made "inroads" on its thinking. (R. 58, PID 329.) The district court also considered Mihalko's own explanations for his actions, but found them unconvincing. The district court thus properly considered the sentencing factors and Mihalko's arguments in mitigation before imposing a sentence above the Guidelines range. Under these circumstances, Mihalko's sentence was not substantively unreasonable. This court has found similar above-Guidelines sentences substantively reasonable under comparable circumstances. *See, e.g.*, *Kontrol*, 554 F.3d at 1093 (affirming 15-month sentence where Guidelines range was 4 to 10 months but defendant had "unmitigated and well-documented difficulties in dealing with persons in authority" and threatened probation officer); *United States v. Branch*, 405 F. App'x 967, 970 (6th Cir. 2010) (affirming 24-month sentence where Guidelines range was 6 to 12 months but defendant had multiple supervised-release violations and absconded from supervision).

## III.

Finding Mihalko's sentence neither procedurally nor substantively unreasonable, we affirm.